PEOPLE v. MEYER.

(Supreme Court, Appellate Division, Second Department.  October 20, 1899.)

1. FOOD—SALE OF OLEOMARGARINE—SCIENTER.
    The legislature has authority to prohibit the sale of imitation butter, irrespective of the vendor's actual knowledge of the character of the product which he sells.

2. SAME—DEFENSE.
    Under Laws 1893, c. 338, as amended by Laws 1897, c. 768, prohibiting the sale of imitation butter, want of knowledge by the vendor of the character of that product sold is no defense.

3. SAME.
    To sustain a conviction under Laws 1893, c. 338, as amended by Laws 1897, c. 768, prohibiting the manufacture and sale of oleomargarine, it must be shown that the oleomargarine was made in imitation or semblance of natural butter.

4. SAME—JUDICIAL NOTICE.
    The courts will not take judicial notice of the natural appearance of oleomargarine.

Appeal from municipal court of city of New York.

Action by the people against Henry M. Meyer.  There was a judgment for defendant, and the people appeal.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert H. Kellogg, for the People.
Adolph Kiendl, for respondent.

WILLARD BARTLETT, J.  This action was brought at the instance of the commissioner of agriculture to recover a penalty of $100 for an alleged violation of section 26 of the "Agricultural Law" (Laws 1893, c. 338), as amended by Laws 1897, c. 768.  That section provides, among other things, as follows:

"No person, by himself, his agents or employés, shall produce or manufacture out of or from any animal fats or animal or vegetable oils not produced from unadulterated milk, or cream from the same, the article known as oleomargarine or any article or product in imitation or semblance of natural butter produced from pure unadulterated milk or cream of the same; * * * nor sell, keep for sale or offer for sale any article, substance, or compound made, manufactured or produced in violation of the provisions of this section, whether such article, substance or compound shall be made or produced in this state or elsewhere."

Upon the trial it appeared that the defendant, who kept a grocery store in Brooklyn, had sold as butter a substance which was declared to be oleomargarine by the chemist who was called as a witness for the prosecution.  The defendant denied that he knew or believed it to be oleomargarine; and the justice who presided at the trial instructed the jury that the defendant was not liable to the statutory penalty, if he did not know that it was oleomargarine or imitation butter.  The jury found a verdict for the defendant.

This instruction as to the necessity of knowledge on the part of the defendant, in order to charge him with the penalty sought to be recovered in the action, was erroneous.  The legislature having the constitutional power to prohibit the sale of imitation butter, it can

impose a penalty for a violation of the prohibition, irrespective of the vendor's actual knowledge of the character of the product which he sells, and it has done so by the provisions of the agricultural law, under which this action was instituted. The authority of the legislature in this respect is clearly asserted in the cases of People v. Kibler, 106 N. Y. 321, 12 N. E. 795, and People v. Girard, 145 N. Y. 105, 39 N. E. 823.

We should be compelled to grant a new trial on account of this erroneous instruction as to the necessity of scienter on the part of the defendant, were it not the fact that upon all the proof in the case the prosecution failed to establish a cause of action against the defendant. Under these circumstances, the error in the charge can have done the plaintiff no harm, as, in any event, the defendant was entitled to a verdict.

The defect in the plaintiff's proof was the omission to show that the appearance of oleomargarine in its natural condition differed from that of the substance which the defendant sold as butter; or, in other words, that the oleomargarine had been changed in some manner so as to make it look like butter. It is settled that the legislature cannot constitutionally prohibit the sale of oleomargarine, except so far as the product is made to simulate some other substance, and thereby deceive the people. People v. Marx, 99 N. Y. 377, 2 N. E. 29; People v. Arensberg, 103 N. Y. 388, 8 N. E. 736. See, also, Schollenberger v. Com., 171 U. S. 1, 18 Sup. Ct. 757, and Plumley v. Com., 155 U. S. 461, 15 Sup. Ct. 154. In order, therefore, that the express prohibition against the manufacture and sale of oleomargarine, now contained in section 26 of the agricultural law (but not in that section as originally enacted), shall be deemed constitutional, it is essential to construe that prohibition with the remainder of the section, as forbidding only the manufacture and sale of oleomargarine when it is manufactured in imitation or semblance of natural butter. Adopting this construction, there was, as has already been said, a failure of proof on the part of the plaintiff in omitting to give evidence of the imitative character of the substance sold by the defendant. It is impossible to say that the appearance of the oleomargarine had been altered so as to make it resemble natural butter, unless we know in the first instance what oleomargarine looks like in its normal condition. There is no testimony in the record on this subject, and it is not a matter of which the courts can take judicial cognizance. In the case of People v. Arensberg, supra, there was proof that oleomargarine "in its natural condition, and before the addition of ingredients designed to modify its natural taste and color, was of a pearl white hue, resembling tallow"; but nothing of the sort appeared in the case at bar. As the verdict for the defendant was right, in this view of the case, it must be allowed to stand; but, under the circumstances, the affirmance will be without prejudice to the institution of another suit upon the same cause of action, if the commissioner of agriculture is so advised. Judgment affirmed accordingly.

Judgment affirmed, with costs, but without prejudice to the institution of another suit upon the same cause of action. All concur.