(38 Misc. Rep. 315.)

## PEOPLE v. BERWIND.

(Supreme Court, Trial Term, New York County. June, 1902.)

1. OLEOMARGARINE—ILLEGAL USE.

    The proprietor of a restaurant, who serves or uses for cooking oleomargarine made in imitation of butter produced from unadulterated milk or cream, is liable to the penalty imposed by Laws 1893, c. 338, §§ 26–28, without allegation or proof that the article was kept, used, or served as "butter" by said keeper or proprietor.

2. SAME—EVIDENCE.

    In an action for penalty for using oleomargarine made in imitation of butter, testimony that it had the appearance of butter is admissible.

Action by the people of the state of New York against Michael P. Berwind. Verdict for plaintiff. Motion for new trial. Denied.

Frederick E. Kessinger, for the People.
Maurice Meyer, for defendant.

¶ 2. See Food, vol. 23, Cent. Dig. § 22.

CLARKE, J. A motion is made to set aside a verdict in favor of the plaintiff and for a new trial in an action to recover a penalty for violation of section 28 of article 2 of the agricultural law (Laws 1893, c. 338), which is as follows:

"No keeper or proprietor of any bakery, hotel, boarding house, restaurant, saloon, lunch counter or place of public entertainment, or any person having charge thereof or employed thereat, or any person furnishing board for any others than members of his own family, or for any employees where such board is furnished for a compensation or as part of the compensation of any such employee, shall keep, use or serve therein either as food for his guests, boarders, patrons, customers or employees or for cooking purposes, any article or substance made in violation of the provisions of this article."

The complaint alleges a cause of action under this section in language sufficiently explicit to notify the defendant of the facts on which the plaintiff relied for a recovery. It was not necessary to negative the exception—if it be an exception—contained in the words "others than members of his own family," for such words only qualify the clause beginning "or any person furnishing board," whereas action is brought against the defendant as the keeper or proprietor of a restaurant mentioned in the first clause of the section, and it is alleged that he did keep, use, and serve for food to his guests, customers, and patrons and for cooking an article known as oleomargarine, and made in imitation or semblance of butter produced from unadulterated milk or cream. The court of appeals has recently stated the rule "that legislation intended and reasonably adapted to prevent an article being manufactured in imitation or semblance of a well-known article in common use, and thus imposing upon consumers or purchasers, is valid." People v. Biesecker, 169 N. Y. 53, 57, 61 N. E. 990. This rule is stated to be deduced from the cases of People v. Girard, 145 N. Y. 105, 39 N. E. 823, 45 Am. St. Rep. 595, where a statute forbidding the manufacture or sale of vinegar containing any artificial coloring matter was held valid, and People v. Arensberg, 105 N. Y. 123, 11 N. E. 277, 59 Am. Rep. 483, where the prohibition of the manufacture or sale of any article so compounded as to imitate butter was held valid legislation to prevent fraud on purchasers and consumers.

Section 27 of the act expressly prohibits coloring in the following words:

"No person shall coat, powder or color with annatto or any coloring matter whatever, butterine or oleomargarine or any compound of the same or any product or manufacture made in whole or in part from animal fats or animal or vegetable oils not produced from unadulterated milk or cream by means of which such product, manufacture or compound shall resemble butter or cheese, the product of the dairy; nor shall he have the same in his possession with intent to sell the same nor shall he sell or offer to sell the same."

Section 26 prohibits the manufacture or sale of any article or product in imitation or semblance of natural butter. In construing the meaning of the latter section, the court said, in People v. Arensberg:

"We are of opinion that such artificial coloring of oleomargarine for the mere purpose of making it resemble dairy butter comes within the statutory prohibition against imitation, and that such prohibition is within the power of the legislature."

The defendant contends that in order to prove a violation of the statute, it must be shown that the article kept, used, and served to his customers and for cooking was so served and used "as butter," and that it should have been so alleged in the complaint and proved upon the trial. He relies upon People v. Bremer (Sup.) 74 N. Y. Supp. 570. That was an action brought to recover a penalty for violation of section 26, and it was held reversible error to permit the plaintiff at the trial to amend the complaint by adding the phrase, "did sell and manufacture a substance," etc., "as butter," and thereby change the nature of the claim as stated in the complaint, when the amendment was objected to by the defendant. This case does not determine that there is no violation of the statute where an article made in imitation or semblance of natural butter, unless it is alleged and proved that it was sold "as butter." And the court of appeals in People v. Arensberg upheld a verdict where it expressly appears that the article in imitation of butter was sold as oleomargarine. The court says: "It was known to the defendant to be oleomargarine, and was sold and offered for sale by him as such." The testimony as to the appearance of butter was properly admitted. It has been held that the court cannot take judicial notice of the semblance of butter, and the plaintiff must establish that the oleomargarine kept, used, or served by the defendant had been so changed as to resemble dairy butter. People v. Meyer, 44 App. Div. 1, 60 N. Y. Supp. 415; People v. Hillman, 58 App. Div. 571, 69 N. Y. Supp. 66. The evidence was admitted, not to take the question away from the jury, but to assist the jury in its determination of whether or not the substance in question was an imitation or semblance of dairy butter. The twenty-sixth and twenty-seventh sections of article 2 of the act prohibit the artificial coloring of oleomargarine in imitation or semblance of butter, and the twenty-eighth section prohibits the keeper or proprietor of any restaurant from keeping, using, or serving any article or substance made in violation of the provisions of that article. As the pleadings set forth and the proof establish a case in violation of section 28 of the act, the motion is denied.

Motion denied.